IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANE DOE,

                Plaintiff,

       v.

TRP ACQUISITION INC. d/b/a
THE ROOMPLACE,

                Defendant.

Case No. 16 C 3635

Judge Harry D. Leinenweber

## ORDER

Before the Court is TRP Acquisition's ("TRP") Motion to Dismiss Pursuant to Rule 12(b)(6) [ECF No. 8]. For the reasons stated herein, the Motion is granted in part and denied in part.

## STATEMENT

The Plaintiff brought this action against her employer in response to alleged misconduct by her supervisor. She filed suit anonymously under the pseudonym "Jane Doe" ("Doe") because of the "extremely personal and humiliating nature of the allegations." (Compl. ¶ 2). The Complaint contains allegations of sexual harassment and retaliation in violation of Title VII, 42 U.S.C. § 2000e; sexual harassment and retaliation in violation of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1; and common law tort claims of assault, battery, intentional infliction of emotional distress ("IIED"), and negligent supervision. The tort claims rely on a theory of *respondeat superior*, which holds an employer responsible for the actions of its employees. *See, Shields v. Ill. Dept. of Corr.,* 746 F.3d 782, 792 (7th Cir. 2014).

Doe alleges that during the course of her employment as an assembler in one of TRP's plants, she was sexually assaulted on a regular basis by the plant manager, Efrain Martinez ("Martinez"), who is also her direct supervisor. (Compl. ¶¶ 8-14). Doe claims that the sexual assaults occurred at her workplace on an ongoing basis in unoccupied bathrooms and offices between May and October of 2015. (Compl. ¶¶ 14-15). Doe began her employment with TRP using a false name in order to avoid TRP discovering details about her prior work history. (Compl. ¶ 18). She alleges that fear of losing her job, poor English-speaking abilities, and Martinez's threats of revealing her true identity prevented her from reporting the repeated assaults. (Compl. ¶¶ 16-18). Doe asserts that when she attempted to resist Martinez, he threatened to terminate her or any employee who helped her report him. (Compl. ¶ 19). Sometime around October 2015, Doe reported the assaults and harassment to TRP management and the police. (Compl. ¶¶ 22-23). The following month, Doe was placed on a leave of absence from TRP as a result of an unrelated injury. (Compl. ¶ 10).

Doe filed the present action against TRP on March 25, 2016. TRP has moved to dismiss the claim under Rule 12(b)(6). In considering TRP's Motion, the Court accepts the Plaintiff's allegations as true, and views them in the light most favorable to her. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir. 1987).

TRP first argues that the Court should dismiss Doe's entire Complaint because the law does not permit her to proceed anonymously. The Plaintiff filed her Complaint anonymously because of the personal nature of the allegations. Claims must contain a party's real name unless a claimant shows "exceptional circumstances" that warrant anonymity. *Doe v. Vill. of Deerfield,* 819 F.3d 372, 377 (7th Cir. 2016) (citations

omitted).  Assessing whether such circumstances exist requires a
court to balance the concerns of the would-be anonymous
plaintiff with the public's right to open access to courtroom
proceedings.  *See, Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658
F.3d 710, 722 (7th Cir. 2011).

Although the Seventh Circuit disfavors anonymity in legal
proceedings, it has identified categorical exceptions to the
rule requiring parties' real names.  *See, Doe v. Blue Cross &
Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997).
Specifically, "fictitious names are allowed when necessary to
protect the privacy of children, rape victims, and other
particularly vulnerable parties or witnesses."  *Id.*  On the
other hand, the Seventh Circuit generally opposes allowing
sexual harassment claimants to proceed anonymously.  *See, Doe v.
City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004).

TRP argues that courts have rejected anonymous claims with
"facts 'gamier' than the allegations in Plaintiff's complaint."
(ECF No. 14, at 2) (quoting *Doe v. City of Chicago,* 360 F.3d at
669).  But the Court has little basis to make such a comparison
from the facts alleged in Doe's Complaint.  Without additional
discovery, the allegations consist of generalized claims of
continuous sexual assault.  The Court emphasizes that she
alleges sexual assault, not sexual harassment; typically assault
is more serious than harassment, and there is no indication that
Doe meant to conflate the two terms.  The underlying facts could
be shocking and very embarrassing to her.  There also is the
possibility of retaliation if her name is made public (assuming
she returns to work following her leave of absence).  In short,
at this stage, the Court is unable to conclude with any
certainty that anonymity is inappropriate.  The Plaintiff
therefore may proceed to the next phase of litigation

anonymously, and the Court may revisit the issue as the case develops.

Doe claims that Martinez's threats to fire her after she resisted his sexual harassment amount to retaliation and entitle her to relief under Title VII and the IHRA. The legal framework for assessing retaliation is the same under Title VII and the IHRA; therefore, the Court assesses both claims simultaneously. *See, Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.,* 811 F.3d 866, 879 n.39 (7th Cir. 2016). To successfully demonstrate a *prima facie* case of retaliation, Doe must show that: (1) she engaged in a protected activity, (2) she was subjected to a material adverse employment action, and (3) her involvement in the protected activity caused the adverse employment action. *Boss v. Castro,* 816 F.3d 910, 918 (7th Cir. 2016).

Doe identifies her attempts to refuse Martinez's sexual advances as the protected activity to satisfy the first element. Courts of appeals are split on the issue of whether resisting a supervisor's sexual advances amounts to a protected activity under Title VII. *Tate v. Exec. Mgmt. Servs., Inc.,* 546 F.3d 528, 532 (7th Cir. 2008) (noting the split). The Seventh Circuit has not addressed the issue. *Id.* However, most courts in the Northern District of Illinois are not convinced that such activity is protected within the meaning of Title VII. *See, e.g., Van v. Ford Motor Co.,* No. 14 CV 8708, 2016 WL 1182001, at *4 (N.D. Ill. Mar. 28, 2016); *Farfaras v. Citizens Bank & Trust of Chicago,* No. 01 C 8720, 2004 WL 2034077, at *2 (N.D. Ill. Aug. 30, 2004). The Court abides by the majority position in this district and finds that the retaliation claim fails because Doe's refusal of sexual advances is the "sole protected activity" alleged. *Van,* 2016 WL 1182001, at *4. The Court therefore dismisses Doe's retaliation claims under Title VII and the IHRA.

As to the tort claims, TRP makes several arguments for their dismissal, but the most pertinent one is that the Illinois Workers Compensation Act ("IWCA"), 820 ILCS 305, preempts them. Doe seeks to hold TRP liable for the actions of its employee, Efrain Martinez, for assault, battery, IIED, and negligent supervision. The IWCA limits the means by which common law and statutory remedies against employers can be sought by employees acting within the scope of their employment when the alleged damages accrued. *See,* 820 ILCS 305/5. Employees cannot seek damages outside of the IWCA for "accidental" injuries occurring in the course of their employment. *See,* 820 ILCS 305/11.

If an employee can prove that an injury was not accidental, she can bring a claim against her employer outside of the IWCA. *See, Meerbrey v. Marshall Field & Co.,* 139 Ill. 2d 455, 463, 564 N.E.2d 1222, 1226 (1990); *Temores v. Cowen,* 289 F.Supp.2d 996, 1007 (N.D. Ill. 2003). "Accidental" is a term of art as used in the statute. An injury caused intentionally by a co-employee is considered accidental for purposes of the IWCA unless "the employer directed or expressly authorized the co-employee to commit the acts that caused the injury." *Id.* Simply alleging that the co-employee is a manager is insufficient for imputing intent from the manager to employer. *See, Crissman v. Healthco Int'l, Inc.,* No. 89 C 8298, 1992 WL 223820, at *8 (N.D. Ill. Sept. 2, 1992). Where the co-employee is a member of management, his action can only be equated with the employer for IWCA purposes if he "had the authority to make decisions and set policy on behalf of the employer." *Van,* 2016 WL 1182001, at *7 (internal quotation marks omitted).

Doe claims that Martinez represented TRP as a plant manager and as her supervisor. She also claims he had authority to terminate her employment. She has not alleged facts suggesting that Martinez had any additional authority or that any other

members of management were aware of or authorized Martinez's alleged conduct. Because TRP "did not direct, encourage or commit" Martinez's conduct, *Collier v. Wagner Castings Co.*, 408 N.E.2d 198, 239 (Ill. 1980), Doe's claims of assault, battery, IIED, and negligent supervision are preempted by the IWCA and dismissed.

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to State a Claim [ECF No. 8] is granted as to Plaintiff's retaliation claims under Title VII and IHRA, and granted as to Plaintiff's state law tort claims of assault, battery, IIED, and negligent supervision. These claims are dismissed without prejudice. The Motion is denied as it relates to the issue of Plaintiff proceeding anonymously.

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: July 11, 2016